```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT ENGLISH,

                Plaintiff,         MEMORANDUM & ORDER
                                   12-CV-4179(JS)(SIL)
        -against-

BARBARA MURPHY-LATTANZI,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Thomas P. Mohen, Esq.
                   Jonathan Mark Cader, Esq.
                   Jonathan Temchin, Esq.
                   Mark E. Spund, Esq.
                   Davidoff Hutcher & Citron
                   200 Garden City Plaza, Suite 315
                   Garden City, NY 11530

For Defendant:     Kenneth J. DeMoura, Esq.
                   DeMoura/Smith LLP
                   One International Place, 14th Floor
                   Boston, MA 02110
```

SEYBERT, District Judge:

Before the Court is Plaintiff Robert English's ("Plaintiff's") motion to substitute Larry Lattanzi ("Lattanzi"), the Personal Representative of the Estate of Barbara Murphy-Lattanzi, as the defendant in this action. (Docket Entry 49.) Defendant Barbara Murphy-Lattanzi ("Defendant") passed away on March 3, 2014.

In this motion to substitute, Plaintiff also seeks to reinstate the parties' summary judgment motions. In addition, Defendant moves for reconsideration of the Court's June 2, 2014

Order extending the time to substitute a proper party under Federal Rule of Civil Procedure 25(a)(1). (Docket Entry 45.)

For the foregoing reasons, Plaintiff's motion to substitute is GRANTED and Defendant's motion for reconsideration is DENIED AS MOOT. The parties may refile summary judgment motions.

BACKGROUND

Because resolution of the pending motion does not require a detailed discussion of the facts and underlying allegations in this case, the Court will only provide a brief summary.

Plaintiff, a retired investor, commenced this action on August 21, 2012 against Defendant asserting claims for fraud, conversion, and breach of fiduciary duty. (Compl. ¶¶ 44-63.) In 1999, Plaintiff hired Defendant to help organize an investment vehicle known as the Jaspers Fund ("the Fund"). (Compl. ¶ 8.) Plaintiff eventually promoted Defendant to the position of Operations Manager for the Fund and granted her the power to sign checks and other instruments on the Fund's behalf. (Compl. ¶¶ 13, 15-16.) Plaintiff also trusted Defendant with the management of his personal financial affairs. (Compl. ¶ 19.) Plaintiff alleges that in approximately 2006, Defendant began secretly using Plaintiff's assets and the assets of The Fund for herself. (Compl. ¶ 24.)

2

Following the conclusion of discovery in this action, the parties filed competing summary judgment motions. (Docket Entries 35, 38.) On March 3, 2014, while the motions were pending, Defendant passed away and Defendant's attorney filed a Suggestion of Death of Defendant under Federal Rule of Civil Procedure 25(a). (Docket Entry 43.) However, the Suggestion of Death did not identify an executor or personal representative who could take Defendant's place in the litigation. On June 2, 2014, the Court granted Plaintiff an extension of time to move to substitute a proper party because, at that time, no one had been appointed to administer Defendant's estate. (See Pl.'s Ltr. Mot. for Ext. of Time, Docket Entry 44, at 2; Electronic Order, June 2, 2014.)

A petition for an adjudication of intestacy with respect to Defendant's estate and for the appointment of a personal representative was subsequently filed on June 30, 2014 in Massachusetts Probate and Family Court. (Cader Decl., Docket Entry 49, Ex. F.) The petition identified Larry Lattanzi as Defendant's widower. On August 14, 2014, the Massachusetts Probate and Family Court issued a Decree and Order appointing Lattanzi as the personal representative of Defendant's estate. (Cader Decl. Ex. G.) On August 29, 2014, Plaintiff filed the pending motion seeking to substitute Lattanzi as the defendant in this action in his capacity as the representative of Defendant's estate. (Pl.'s Mot., Docket Entry 49.) Lattanzi opposes Plaintiff's motion on several grounds.

I. Plaintiff's Motion to Substitute

   A. Legal Standard

Federal Rule of Civil Procedure 25(a) governs the substitution of a party in the event of a litigant's death. The rule provides:

> Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1). Rule 25(a) allows a representative of a decedent to take her place so that litigation in which the decedent is a party can continue and conclude. '"The substitute is thus not litigating on his or her own behalf and need not have standing in his personal capacity, but rather stands in the shoes of the decedent.'" Allen ex rel. Allen v. Devine, No. 09-CV-0668, 2011 WL 5117619, at *2 (E.D.N.Y. Oct. 25, 2011) (quoting Roe v. City of N.Y., No. 00-CV-9062, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003)). "[I]n considering a motion to substitute a party pursuant to Rule 25(a)(1), the Court must decide whether: (1) the motion was timely; (2) the claims survive the decedent's death; and (3) the party sought to be substituted for the decedent is a proper party." Badalamenti v. Country Imported Car Corp., No. 10-CV-

4993, 2012 WL 6061639, at *9 (E.D.N.Y. Dec. 5, 2012) (internal quotation marks and citation omitted).

1. Timeliness

Rule 25(a)(1) provides a ninety-day window within which to file a motion for substitution, calculated from the filing of the suggestion of death. See Allen, 2011 WL 5117619, at *2; Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998). Failure to file a motion for substitution within the prescribed period generally requires dismissal of the action. See Kernisant v. City of N.Y., 225 F.R.D. 422, 426 (E.D.N.Y. 2005). However, "[t]he Court is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to Fed. R. Civ. P. 6(b)." Kernisant v. City of N.Y., 225 F.R.D. 422, 427 (E.D.N.Y. 2005). Here, Plaintiff timely moved and was granted an extension of time to file a motion for substitution until September 2, 2014. (See Pl.'s Ltr. Mot. for Ext. of Time; Electronic Order, June 2, 2014.) The Court granted Plaintiff an extension because Defendant died without a will and no representative of Defendant's estate had been appointed. (See Electronic Order, June 2, 2014.) Plaintiff's motion to substitute is thus timely because it was filed before the deadline set by the Court.

2. Survival of Claims

Since Rule 25 is procedural, it does not dictate whether or not a claim survives the death of a party. See Allen, 2011 WL 5117619, at *2 (citing Servidone Const. Corp. v. Levine, 156 F.3d 414, 416 (2d Cir. 1998)). Rather, a claim survives a litigant's death "if applicable state law creates a right of survival." Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982).[1] In New York, Section 11-3.2 of the Estates Powers and Trusts Law governs the survival of legal causes of action following a litigant's death. Section 11-3.2 states in relevant part that "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury." N.Y. EST. POWERS & TRUSTS LAW § 11-3.2(a)(1); see also Barrett, 689 F.2d at 331; Roe, 2003 WL 22715832, at *2.

Here, Plaintiff's claims for fraud, conversion and breach of fiduciary duty all involve injuries to Plaintiff's property. Therefore, under Section 11-3.2, all of Plaintiff's claims survive Defendant's death.

3. A Proper Party

A "proper party" for substitution under Rule 25(a)(1) must be "either (1) a successor of the deceased party--a

---

[1] "[W]hen the right of action is federally created, then federal law controls on the survival of the action." Allen, 2011 WL 5117619, at *3.

6

distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party--a person lawfully designated by state authority to represent the deceased's estate." Roe, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (internal quotation marks and citations omitted). Because Lattanzi was designated a lawful representative of the Defendant's estate by the Massachusetts Probate Court, he is a proper party for substitution under Rule 25(a)(1). Accordingly, Plaintiff's motion to substitute Lattanzi as the defendant in this action is GRANTED.

II. Reinstatement of the Parties' Summary Judgment Motions

Plaintiff seeks to reinstate the parties' summary judgment motions, which the Court terminated upon the Defendant's death. (Pl.'s Br., Docket Entry 49-11, at 5.) The Court's June 3, 2014 Electronic Order terminating the parties' summary judgment motions stated that either party could request reinstatement of the motions upon the substitution of a proper party. Lattanzi opposes Plaintiff's request for reinstatement on two grounds. First, he argues that the Court should stay the case until the Massachusetts Probate Court rules on the solvency of Defendant's estate pursuant to Mass. Gen. Laws c. 190B § 3-807. Second, Lattanzi argues that the Court, in its discretion, should refuse to exercise jurisdiction over this matter under the federal abstention doctrine. (Lattanzi Opp., Docket Entry 53, at 4-5.)

7

A. Request for a Stay

Lattanzi relies upon Mass. Gen. Laws Ann. 190B § 3-807 in an effort to stay the case. That statute provides in pertinent part: "[n]o action shall be maintained against a personal representative after an estate has been represented insolvent, unless for a claim entitled to a preference which would not be affected by the insolvency of the estate or unless the assets prove more than sufficient to pay all the debts allowed." MASS. GEN. LAWS ANN. 190B § 3-807. Lattanzi claims that Plaintiffs' funeral expenses and her creditors' existing claims total more than Plaintiff's claimed damages in this case. Lattanzi therefore filed a Representation of Insolvency with the Massachusetts Probate Court. (Lattanzi Opp. at 3.) He claims that because the Estate has been represented insolvent, Plaintiff cannot maintain an action against him as the personal representative of Defendant's Estate. (Lattanzi Opp. at 4). Although Lattanzi cites no case law in support of this argument, the Court presumes that Lattanzi's argument rests upon the probate exception to federal jurisdiction.

1. The Probate Exception

"The probate exception is an historical aspect of federal jurisdiction that holds probate matters are excepted from the scope of federal diversity jurisdiction." Lefkowitz v. Bank of N.Y., 528 F.3d 102, 105 (2d Cir. 2007) (internal quotations marks and citations omitted). It is a judicially created doctrine

"stemming in large measure from misty understandings of English legal history." Marshall v. Marshall, 547 U.S. 293, 293, 126 S. Ct. 1735, 1736, 164 L. Ed. 2d 480 (2006). The Supreme Court recently clarified, that the probate exception is limited in scope, "reserv[ing] to state probate courts" jurisdiction over three proscribed areas: (1) "the probate or annulment of a will," (2) "the administration of a decedent's estate," and (3) the "dispos[ition] of property that is in the custody of a state probate court." Id. at 311-12. However, "[t]he law is well settled that where the requisite diversity of citizenship and amount in controversy are present . . . a state statute cannot defeat federal jurisdiction over actions in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims against the estate." Monogram Indus., Inc. v. Zellen, 467 F. Supp. 122, 123 (D. Mass. 1979) (internal quotation marks and citations omitted); see also Lefkowitz, 528 F.3d at 108 ("The probate exception can no longer be used to dismiss widely recognized torts such as breach of fiduciary duty or fraudulent misrepresentation merely because the issues intertwine with claims proceeding in state court." (internal quotation marks and citation omitted)).

In Monogram Industries, Inc. v. Zellen, the Massachusetts District Court addressed a question similar to the issue at hand. There, the court was asked to decide whether a

9

federal action to collect a debt was barred by a Massachusetts statute that conferred "exclusive jurisdiction upon the state probate court over an estate in which a Representation of Insolvency [was] filed." Monogram, 467 F. Supp. at 123. The court held that although a federal court may not interfere with "matters within the exclusive jurisdiction of the state probate court," the determination of whether the decedent owed the plaintiff a debt did not divest the court of jurisdiction, since a resolution of the federal case only established the plaintiff's status as a creditor of the estate. Id.

Here, Plaintiff's federal tort action will only establish whether he has a valid claim against Defendant's estate. Thus, just as in Monogram, Plaintiff merely seeks the status of a creditor. Moreover, resolution of this lawsuit does not impede upon any of the three prescribed areas reserved to state probate courts under the probate exception--Plaintiff is not seeking to probate a will, administer Defendant's estate, or dispose of property. Therefore, Lattanzi's argument that this case should be stayed under Section 3-807 fails.

### 2. The Abstention Doctrine

Lattanzi also argues that the Court should abstain from exercising jurisdiction over this matter under the federal abstention doctrine because there is a "comprehensive statutory. . . scheme" in place in Massachusetts that "furthers

the strong state interest of centralizing claims against an insolvent estate." (Lattanzi Opp. Br. at 4.)

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976) (internal quotation marks and citation omitted). Abstention is "the exception, not the rule." Id. at 813. Thus, it is only applicable in four unique circumstances: (1) in cases involving a federal constitution question which may be "mooted or presented in a different posture by a state court determination of [ ] state law"; (2) to allow a state court to resolve unsettled questions of state law that bear on important policy issues; (3) to avoid interfering with a pending state criminal proceeding; and (4) to avoid duplicative litigation because of the "contemporaneous exercise of concurrent jurisdiction" by a state and federal court. Id. at 814-17.

The fourth category, on which Lattanzi seems to rely, is commonly referred to as the Colorado River abstention. Under Colorado River, a federal court can choose not to exercise jurisdiction over an action when there is a concurrent state proceeding addressing the same subject-matter. See Dittmer v.

11

Cnty. of Suffolk, 146 F.3d 113, 117-18 (2d Cir. 1998). However, "a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River." Id. at 118. "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp, 108 F.3d 17, 22 (2d Cir. 1997); see also Allstate Ins. Co. v. Elzanaty, 916 F. Supp. 2d 273, 287 (E.D.N.Y. 2013); Abercrombie v. Andrew Coll., 438 F. Supp. 2d 243, 258 (S.D.N.Y. 2006). Here, the Colorado River abstention doctrine is inapplicable because this case and the Massachusetts probate action are not parallel proceedings. The issues and the parties in the Massachusetts probate proceeding are different from the issues and parties before the Court. The Massachusetts Probate proceeding was brought to determine the solvency of the estate and to distribute its assets. Conversely, the adjudication of the Plaintiff's tort claims before this Court will merely determine whether Plaintiff has a claim against Defendant's estate. If Plaintiff prevails on one or more of his allegations, he will merely occupy the position of a creditor with the ability to petition the Massachusetts Probate Court for priority.

Accordingly, Lattanzi's request to a stay of this action is DENIED and the parties may refile their summary judgment motions.

III. Amending the Caption

Lattanzi takes issue with the wording of the caption in this matter. Specifically, he asserts that Defendant's name is incorrectly listed in the caption as "Barbara A. Murphy-Lattanzi," when in fact her legal name is "Barbara A. Lattanzi." (Lattanzi Opp. Br. at 1-2.) Lattanzi therefore insists that Defendant's name should be changed in the caption. Plaintiff does dispute that Defendant's legal name is Barbara A. Lattanzi, but asks the Court to modify the caption so that it also references the name "Barbara Murphy-Lattanzi" because Defendant allegedly signed checks under both the surnames "Lattanzi" and "Murphy-Lattanzi" while perpetrating a fraud on Plaintiff. (Pl.'s Reply Br., Docket Entry 55, at 2.) Because there is no dispute as to the Defendant's legal name, Lattanzi's request to amend the caption is GRANTED, and the caption will be amended so that Defendant's Estate is referred to as the "Estate of Barbara A. Lattanzi." Plaintiff will be free to present evidence of Lattanzi's use of different names at trial.

IV. Defendant's Motion for Reconsideration

Finally, Defendant moves the Court to reconsider its Order granting Plaintiff an extension of time to file his motion

to substitute. Because the Court already decided that Plaintiff's motion to substitute was timely, Defendant's motion for reconsideration is DENIED AS MOOT.

CONCLUSION

For the forgoing reasons, Plaintiff's motion to substitute Lattanzi as the defendant in this action in his capacity as the Personal Representative of the Estate of Barbara Murphy-Lattanzi (Docket Entry 49) is GRANTED and Plaintiff's request to allow the parties to pursue summary judgment is GRANTED. Defendant's Motion for Reconsideration (Docket Entry 45) is DISMISSED AS MOOT.

If the parties still wish to move for summary judgment, they must re-file their motions within thirty (30) days of the date of this Memorandum and Order. The Clerk of the Court is directed to amend the caption so that Defendant is listed as "LARRY LATTANZI, as personal representative of the Estate of BARBARA A. LATTANZI."

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __12__, 2015
       Central Islip, NY